IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

GARCO WINE COMPANY, INC.,        )
                                 )
            Plaintiff,           )
                                 )
vs.                              )
                                 )        Case No.: 4:13-cv-00661
CONSTELLATION BRANDS, INC.,      )
                                 )
            Defendant,           )
                                 )
Serve:                           )
The Corporation Trust Company    )
Corporation Trust Center         )
1209 Orange St.                  )
Wilmington, Delaware 19801       )        **Jury Trial Demanded**
                                 )

## PLAINTIFF'S COMPLAINT

Plaintiff Garco Wine Company, Inc. ("Garco"), by and through counsel, and for its Complaint against defendant Constellation Brands, Inc. ("Constellation Brands"), alleges as follows:

### The Parties

1.      Plaintiff Garco is a corporation organized and existing under the laws of the State of Missouri with its principal place of business located at 4017 Folsom Avenue, St. Louis, Missouri, 63110.

2.      Defendant Constellation Brands is a corporation organized and existing under the laws of the State of Delaware with its principal place of business located at 207 High Point Drive, Building 100, Victor, New York, 14564.  Defendant Constellation Brands' registered agent in Delaware can be served at the address listed above in the caption.

**Jurisdiction and Venue**

3.      This Court has subject matter jurisdiction pursuant to 28 U.S.C. §1332, diversity of citizenship jurisdiction, as Garco and Constellation Brands are citizens of different states, and the amount in controversy, as measured by the value of the distribution rights at issue, exceeds $75,000, exclusive of interest and costs.

4.      This Court may render a Declaratory Judgment pursuant to 28 U.S.C. §2201 to determine the rights and obligations of the parties under Missouri statute, R.S.Mo., §407.400, *et seq.*, vis-à-vis the parties' current agreement and business relationship.

5.      This Court may issue injunctive relief pursuant to Federal Rule of Civil Procedure 65.

6.      Personal jurisdiction may be exercised over defendant Constellation Brands on the basis that defendant is doing business in Missouri with Garco.

7.      Venue is proper in this district pursuant to 28 U.S.C. §1391(b)(2) because a substantial part of the events and circumstances giving arise to Garco's claims occurred in this judicial district.

**Facts Common to All Claims**

8.      Garco is a wholesale distributor for Constellation Brands' portfolio of wines, selling Constellation Brands' products to retailers throughout Missouri.

9.      Garco currently distributes Constellation Brands' products within the State of Missouri pursuant to an agreement with Constellation Brands.

10.     Garco has used with permission Constellation Brands' name and trademarks in Garco's advertising and marketing efforts to sell Constellation Brands' products.  *See* Exhibit A, attached hereto.

11.     Garco also uses the names, logos, and trademarks of the various wine brands supplied by Constellation Brands for sale in Missouri.

12.     Constellation Brands' products constitute approximately 37% of Garco's total sales revenues.

13.     A marketing plan and sales goals exist for Garco's sales of Constellation Brands' products, as promulgated by Constellation Brands.

14.     Constellation Brands and Garco have worked together to market and promote one another's business since late 2004 with the goal of increasing the sales of Constellation Brands' products in Missouri for the mutual benefit of both parties.

### Constellation Brands' Defective Notice of Termination Without Good Cause

15.     On or about March 25, 2013, Garco received a letter from Constellation Brands notifying Garco that it would no longer accept Garco's orders effective April 30, 2013.  *See* Exhibit B.

16.     A letter dated April 1, 2013 from Constellation Brands to Garco indicated that Constellation Brands would allow Garco to continue selling Constellation Brands' products in Missouri after April 30, 2013, pursuant to the same terms and conditions under which the parties have been operating, but only if Garco would agree to relinquish and release all rights and protections afforded Garco under Missouri law, R.S.Mo. §407.400, §407.405, and §407.413.  *See* Exhibit C.

3

17.     The letter dated April 1, 2013 from Constellation Brands notified Garco that it was changing its business model in Missouri and that, as part of this process, it desired its wholesale distributors to respond to a Request for Commitment ("RFC"), which would serve as Garco's application to become the sole wholesale distributor for Constellation Brands in Missouri.

18.     Pursuant to the correspondence dated April 1, 2013, if Garco agreed to submit a response to the RFC, and agreed to relinquish and release all protections afforded Garco by Missouri law and release all claims it possessed against Constellation Brands, Garco could continue to sell temporarily Constellation Brands' products after April 30, 2013, until such time as a permanent sole distributor can be chosen by Constellation Brands for the State of Missouri.

19.     Garco responded to the RFC with a letter dated April 8, 2013, which refused to release Constellation Brands from any and all liability, and Garco refused to release its franchise protections under Missouri law.  *See* Exhibit D.

## Count I- Wrongful Termination Under Missouri Statute

20.     Garco repeats and realleges each and every allegation set forth in the proceeding paragraphs above as if set forth fully herein.

21.     Garco is duly licensed as a wholesaler in Missouri for the sale of wines.

22.     Garco sells wines to retailers throughout Missouri.

23.     Garco has an agreement which permits Garco to sell Constellation Brands' wines throughout Missouri.

24.     Garco has permission from Constellation Brands to use Constellation Brands' name and trademarks as part of Garco's marketing and advertising efforts, as evidenced by Garco's website.  *See* Ex. A.

25.     Garco further has permission from Constellation Brands to use the names and trademarks of the various wine brands supplied by Constellation Brands.

26.     A "community of interest" exists between Garco and Constellation Brands. Approximately 37% of Garco's total sales revenues are comprised of Constellation Brands' products, and Garco sells those products pursuant to a marketing plan and sales goals promulgated by Constellation Brands.

27.     Garco's total sales of Constellation Brands' products in 2012 were over $5.6 million.

28.     The parties mutually benefit economically from their relationship in promoting and selling Constellation Brands' products.

29.     Garco and Constellation Brands, therefore, have a franchise relationship under R.S.Mo., §407.400.

30.     Pursuant to R.S.Mo., §407.405, Constellation Brands was required to provide at least 90 days' written notice of termination of its relationship with Garco.  Constellation Brands' letter dated March 25, 2013 failed to provide the requisite 90-days' notice.  *See* Ex. B.

31.     Pursuant to R.S.Mo., §407.410, Garco is entitled to compensatory damages, including loss of goodwill, cost of this suit, and any and all equitable relief the Court deems proper.

32.     Pursuant to R.S.Mo., §407.413, Constellation Brands unilaterally terminated the franchise relationship with Garco without requisite "good cause" as defined by statute.

33.     Pursuant to R.S.Mo., §407.413.3, Garco is entitled to recover all damages it sustains, together with the costs of this suit and reasonable attorneys' fees incurred by Garco.

## Count II- Declaratory Judgment Relief

34.     Garco repeats and realleges each and every allegation set forth in the proceeding paragraphs above as if set forth fully herein.

35.     A real, substantial, and presently existing controversy currently exists between Garco and Constellation Brands as to the propriety of Constellation Brands' purported termination of Garco as a wholesale distributor of Constellation Brands' products in Missouri.

36.     Pursuant to 28 U.S.C. § 2201, Garco seeks a declaration from this Court that Constellation Brands does not have the legal right to terminate Garco under Missouri statute, as Constellation Brands claims, and that the relationship between Garco and Constellation Brands is subject to the franchise protections provided by R.S.Mo., §407.400, *et. seq.*

37.     The declaratory relief sought by Garco is necessary and proper at this time to clarify the duties and obligations of the parties and to avoid the harm Garco will suffer if Constellation Brands is (i) allowed to terminate the relationship without providing the requisite ninety (90) days' notice under R.S.Mo. §407.405, and (ii) allowed to terminate the relationship without good cause, as is required by R.S.Mo., §407.413.2.

38.     The controversy between the parties is immediate and justiciable in character.

39.     Garco has no adequate remedy at law.

## Count III – Injunctive Relief

40.     Garco repeats and realleges each and every allegation set forth in the preceding paragraphs above as if set forth fully herein.

41.     Garco seeks injunctive relief from the Court to prevent and prohibit Constellation Brands from terminating the current business relationship with Garco in violation of R.S.Mo., §407.400, §407.405, and §407.413.

42.     There is a threat of irreparable harm to Garco as it has developed key business relationships with retailers throughout Missouri, supplying Constellation Brands' products to those retailers in Missouri since 2004.  If Garco's relationship is terminated by Constellation Brands, Garco will lose its customers and those business relationships it developed to a new wholesaler appointed by Constellation Brands, despite the fact that it was Garco's efforts and business acumen that cultivated those relationships for the sale of Constellation Brands' products in Missouri.

43.     This threatened irreparable harm to Garco outweighs any injury that injunctive relief will inflict on Constellations Brands, as Constellation Brands' products will continue to be sold as they have in the past in Missouri by Garco during the pendency of this suit.

44.     Garco has no adequate remedy at law to prevent Constellation Brands from terminating the agreement with Garco in violation of Missouri statute, R.S.Mo. § 407.400, *et seq*., because if Constellation Brands is permitted to terminate the parties' agreement and enter into new contractual relations with another party for the sale of Constellation Brands' products in Missouri, Garco will lose key business relationships it has developed in Missouri for the benefit of selling Constellation Brands' products.

45.     The issuance of injunction relief is in the public's interest under these circumstances because it will prevent Constellation Brands from prematurely and unlawfully terminating the parties' contract and it will prevent Constellation Brands from appointing a new wholesaler in Missouri who will benefit from the business relations developed by Garco's agents and representatives over the years.

## Count IV – Anticipatory Breach of Contract

46.     Garco repeats and realleges each and every allegation set forth in the preceding paragraphs above as if fully set forth herein.

47.     Garco and Constellation Brands entered into an agreement from which Garco has the right to purchase Constellation Brands' products and distribute those products to retailers in Missouri.

48.     A valid and existing contract, supported by legal consideration, exists between the parties.

49.     Constellation Brands' notice of termination to Garco constitutes anticipatory breach of the agreement by providing a premature notice of termination and providing notice to Garco that Constellation Brands will not honor any further purchase orders placed by Garco after April 30, 2013.

50.     Garco has and will suffer damages from Constellation Brands' breach.

## Garco's Prayer for Relief as to All Counts

WHEREFORE, Garco prays for relief as follows:

1.     Judgment declaring that Constellation Brands violated Missouri law, R.S.Mo., §§407.400, 407.405, and 407.513, by failing to provide the requisite ninety (90) days' notice when purporting to terminate its relationship with Garco and for unilaterally terminating the relationship without good cause; and

2.     Declaring that Constellation Brands does not have the legal right under Missouri statute to terminate Garco as a wholesale distributor of Constellation Brands' products in Missouri because the relationship between Garco and Constellation Brands constitutes a franchise, requiring 90 days' notice of termination and termination only for good cause; and

8

3.      Judgment ordering injunctive relief to prevent Constellation Brands from unilaterally terminating the relationship with Garco without good cause and without the requisite notice under Missouri law; and

4.      Judgment in favor of Garco for Constellation Brands' anticipatory breach of the parties' agreement;

5.      Awarding Garco any and all further relief as the Court deems just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff, by and through counsel, hereby demands a jury trial on all issues so triable.

ARMSTRONG TEASDALE LLP


By:  /s/ *Darryl M. Chatman*
  Darryl M. Chatman   MO #60987
  7700 Forsyth Blvd., Suite 1800
  St. Louis, MO  63105-1847
  (314) 621-5070
  FAX (314) 621-5065
  dchatman@armstrongteasdale.com

  -and-

  Darren K. Sharp   MO #50841
  (*pro hac vice* to be filed)
  Edward R. Spalty   MO #26086
  (*pro hac vice* to be filed)
  2345 Grand Boulevard, Suite 1500
  Kansas City, MO  64108-2617
  (816) 221-3420
  FAX (816) 221-0786
  dsharp@armstrongteasdale.com
  espalty@armstrongteasdale.com

ATTORNEYS FOR PLAINTIFF GARCO WINE
COMPANY, INC.