UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| GARCO WINE COMPANY, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 4:13CV00661 ERW |
| | ) | |
| CONSTELLATION BRANDS, INC., | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM AND ORDER**

This matter comes before the Court on Plaintiff Garco Wine Company, Inc.'s ("Garco") "Motion to Compel Discovery" [ECF No. 35]. The parties, through counsel, appeared before the Court for hearing on September 12, 2013.

Plaintiff Garco Wine Co., Inc. ("Garco") has filed a Complaint against Defendant Constellation Brands, Inc. ("Constellation"), alleging that Garco is a wholesale distributor for Constellation's portfolio of wines, and that Garco sells Constellation's products to retailers throughout Missouri, pursuant to an agreement with Constellation. Garco further alleges on March 25, 2013, it received a letter from Constellation notifying Garco that, as of April 30, 2013, Constellation would no longer accept Garco's orders. Garco's original Complaint asserted claims for Wrongful Termination Under Missouri Revised Statutes §§ 407.400 et seq., (Count I) and Anticipatory Breach of Contract (Count IV); and requested Declaratory Judgment Relief (Count II) and Injunctive Relief (Count III).

Garco filed a motion asking the Court to issue Temporary Restraining Order, or to otherwise grant it Preliminary Injunctive Relief, claiming that Garco is entitled to injunctive relief enjoining Constellation from prematurely terminating their supplier-distributor relationship

without good cause and without the requisite 90 days' notice required by Missouri's franchise laws, Missouri Revised Statutes §§ 407.400 through 407.420. The Court granted Garco's request for injunctive relief, and entered a Temporary Restraining Order on April 30, 2013 [ECF No. 16]. After hearing arguments from counsel regarding their request to consolidate the trial with the preliminary injunction hearing, the Court vacated a June 24, 2013 setting for the preliminary injunction hearing, and issued a scheduling order for an October 7, 2013 bench trial. Subsequently, Constellation filed a Demand for Jury Trial, and the case is presently set for a jury trial on January 27, 2014.

Garco filed its Amended Complaint against Constellation on June 20, 2013, and Constellation filed its Answer on July 8, 2013 [ECF Nos. 32, 33]. Garco's Amended Complaint asserts claims for Wrongful Termination Under Missouri Revised Statutes §§ 407.400 et seq., (Count I), Declaratory Judgment Relief (Count II), Injunctive Relief (Count III), Unjust Enrichment (Count IV), and Recoupment (Count V). On June 18, 2013, the Court granted the Parties' Joint Motion for Protective Order, which provides that material the parties desire to maintain as confidential will be marked "Confidential," and limits the disclosure of documents so identified [ECF No. 29].

In its Motion to Compel Discovery, Garco moves the Court, pursuant to Rule 37 of the Federal Rules of Civil Procedure, for an Order requiring Constellation to provide for inspection and production an un-redacted copy of the "Constellation Brands, Inc. Distribution Agreement" ("the Agreement"), effective as of June 1, 2013, between Constellation and Major Brands, Inc. [ECF No. 35]. Garco certifies it has made sincere and reasonable effort to resolve this dispute in good faith, and claims the un-redacted document is relevant to Garco's argument that it is entitled to franchise protections under Missouri statutes. Garco contends any "sensitive business

information" contained in Constellation's agreement with Major Brands is protected by the Joint and Stipulated Protective Order entered in this matter.

Constellation filed a Memorandum in Opposition to Garco's motion, contending the Court should deny the motion because the Agreement is irrelevant to Garco's claim in this case [ECF No. 37]. Constellation claims the agreement with Major Brands was negotiated and executed after Garco filed this lawsuit, and is an arm's length transaction between Constellation and Major Brands. Constellation also asserts the Agreement contains highly sensitive, confidential business information, and argues, regardless of the existence of the Protective Order, the Agreement should not be discoverable because it contains sensitive information that has no bearing on this matter, and it could inform Garco of possible settlement strategies. Constellation alternatively requests, if the Court finds Plaintiff's argument for production compelling, that any Order requiring disclosure be: "(i) limited to disclosure of only those parts of the 54 page document that refer to the applicability of any franchise protection statute, law or rule; and (ii) allowed to be made only on an 'attorney's eyes only' basis."

In its Reply, Garco asserts the Agreement is relevant to its argument that Garco is afforded statutory protections as a franchisee under Missouri's franchise statute, because the Agreement can show that Constellation acknowledged its relationship with Major Brands is a franchise with statutory protections. Garco argues Constellation's settlement-strategy argument is counter to the purpose of liberal discovery in the federal system; that is, to assist the parties in settlement. Garco further claims Garco and Major Brands are non-competitors with respect to the only brand Constellation supplies to them, so there is no reason to prohibit discovery that might reveal financial data between them.

Federal Civil Procedure Rule 26(b) is a discovery rule that is liberal in scope and interpretation. Fed. R. Civ. P. 26(b). Thus, Rule 26(b) extends to matters that are relevant and reasonably calculated to lead to the discovery of admissible evidence. *Hofer v. Mack Trucks, Inc.*, 981 F.2d 377, 380 (8th Cir. 1993). As noted above, the Court previously entered an Order in this action that limited the disclosure and use of confidential and sensitive business information the parties do not desire to be shared publicly. When a party opposes discovery of confidential business information, the party must show that the information is of the type afforded protection, and that its disclosure would be harmful to the party's interest in the property. *In re Remington Arms Co.*, 952 F.2d 1029, 1032 (8th Cir. 1991). The burden then shifts to the party seeking discovery of the information, who must establish the information is relevant to the claim, and necessary for trial preparation. *Id.* If the party seeking discovery establishes both relevance and need, the Court "must weigh the injury the disclosure might cause to the property against the moving party's need for the information." *Id*.

After hearing argument from counsel, the Court ordered Constellation to submit an unredacted copy of the Agreement between it and Major Brands for an *in camera* review by the Court, and took the matter under submission. Portions of the unredacted Agreement are not relevant to Garco's claim and the Court finds that the potential harm that disclosure of certain information could cause to Constellation and Major Brands outweighs Garco's need for those sections. Specifically, the Court finds that the potential harm that disclosure of the following sections of the Agreement and its exhibits could cause to Constellation and Major Brands outweighs Garco's need for the information: paragraph 2.d. on pages 2 and 3, and paragraph 4.p. on page 10 of "Constellation Brands, Inc. Distribution Agreement"; "Exhibit B Product Points" on pages 3 and 4, "Exhibit C Incentive Model" on pages 5through 8, "Exhibit D Selling

4

Model, Dedicated Resources and Sales Force Structure" on pages 9 through 11, "Exhibit D.1 Organization Chart" on page 12, "Exhibit F Reports and Data" on page 28, and "Exhibit G Local Marketing Fund" on pages 29 through 32 of "Exhibits to Missouri State Distribution Agreement." Therefore, as to these sections, the Court will deny Garco's motion to compel.

However, the majority of the Agreement is relevant to Garco's action, particularly to its argument that Garco is afforded statutory protections as a franchisee under Missouri's franchise statute, and will likely lead to the discovery of admissible evidence. Therefore, the Court orders Constellation to produce the "Constellation Brands, Inc. Distribution Agreement," and its attached "Exhibits to Missouri State Distribution Agreement," with the above listed sections redacted from the Agreement and the "Exhibits to Missouri State Distribution Agreement." Production of the Agreement shall be in accordance with the Protective Order that limits dissemination of confidential documents in this matter.

Accordingly,

**IT IS HEREBY ORDERED** that Garcos' Motion to Compel Discovery [ECF No. 35] is **GRANTED in part,** and **DENIED in part**. Constellation shall produce to Garco the "Constellation Brands, Inc. Distribution Agreement" and its attached "Exhibits to Missouri State Distribution Agreement," redacted in accordance with the limitations set forth in this Order, and disseminated in accordance with the Protective Order governing confidential information in this matter.

Dated this __25th__ day of September, 2013.

_____
E. RICHARD WEBBER
SENIOR UNITED STATES DISTRICT JUDGE